**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 97-7412**

———————————

ROBERT WATSON,

                                       Plaintiff - Appellant,

      versus

SERGEANT JOHNSON,

                                       Defendant - Appellee,

      and

MICHAEL MOORE; GERALDINE MIRO; MR. NICHOLS;
MS. ROSS; MS. JOHNSON; CAPTAIN ALBRITTON; JOHN
SHU; D. L. SMITH; MR. COHEN; FRED BROWN,

                                       Defendants.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Florence. Dennis W. Shedd, District Judge.
(CA-96-3371-4-19BE)

———————————

Submitted: May 12, 1998                Decided: June 30, 1998

———————————

Before WIDENER and MURNAGHAN, Circuit Judges, and PHILLIPS, Senior
Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Robert Watson, Appellant Pro Se.  Sandra Jane Senn, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Robert Watson appeals from the district court's order denying relief on his 42 U.S.C. § 1983 (1994) complaint. We have reviewed the record and the district court's opinion accepting the magistrate judge's report and recommendation and find no reversible error. Accordingly, we affirm substantially on the reasoning of the district court. See Watson v. Johnson, No. CA-96-3371-4-19BE (D.S.C. Sept. 15, 1997). We find that Watson failed to establish that his placement in lock-up constituted an atypical and significant hardship. See Sandin v. Conner, 515 U.S. 472, 484 (1995). Accordingly, Watson's due process claims are meritless. See id. We find no merit to Watson's claim that Officer Smith used excessive force in detaining him after he broke loose from correction officers. Officer Smith's actions were justified by conditions then existing in the prison, including a near-riot and Watson's own actions in breaking free from the officers. See Whitley v. Albers, 475 U.S. 312, 320-21 (1986). Further, we find that the magistrate judge did not abuse her discretion when she denied Watson's discovery-related motions. See Strag v. Board of Trustees, 55 F.3d 943, 954 (4th Cir. 1995) (stating that denial of a discovery motion does not constitute reversible error where the information sought could not be used to defeat summary judgment). We dispense with oral argument because the facts and legal contentions are adequate-

3

ly presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED